951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GEOFFREY, INC., a Delaware Corporation, Plaintiff/Appellee.
v.
Douglas S. STRATTON, d/b/a Phones-R-Us, Defendant/Appellant,
 No. 90-56060.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 27, 1991.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stratton appeals from the district court's order and final judgment, which found that Stratton's use of the mark and tradename "PHONES-R-US" infringed and diluted Geoffrey's federal and common law rights in the "TOYS 'R' US" and other " 'R' US" marks in violation of the Lanham Act, 15 U.S.C. § 1114(1), and Cal.Bus. & Prof.Code § 14330. Stratton also appeals from the district court's order enjoining Stratton from using "PHONES-R-US," "ARE US," "R US," or any colorable imitation thereof in connection with Stratton's telephone sales and repair business. We affirm.
 
 
 3
 Geoffrey's claims are not barred by laches. The district court's conclusion that Stratton did not prove the required change in position or resulting prejudice is not clearly erroneous. See E-Systems, Inc. v. Monitek, Inc., 720 F.2d 604, 607 (9th Cir.1983) (defendant "incurred substantial advertising expenditures and rapidly expanded its business").
 
 
 4
 The district court's conclusion that Stratton's use of "PHONES-R-US" infringed and diluted Geoffrey's federal and common law rights in the "TOYS 'R' US" and other " 'R' US" marks also is not clearly erroneous. See Lindy Pen Co., Inc. v. Bic Pen Corp., 725 F.2d 1240, 1246 (9th Cir.1984), cert. denied, 469 U.S. 1188 (1985) ("test for likelihood of confusion in this circuit ... embrac[es] confusion as to the association between the goods or sponsorship of the allegedly infringing goods").
 
 
 5
 Other issues raised by Stratton on appeal are unsupported by the record or were not raised before the district court and thus should not be considered on appeal. See Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516 (9th Cir.1984).
 
 
 6
 Finally, pursuant to 15 U.S.C. § 1116(1), the district court had "the power to grant injunctions ... upon such terms as the court may deem reasonable to prevent the violation of any right of the registrant of a mark registered in the Patent or Trademark Office." See also Cal.Bus. & Prof.Code § 14330(b). The district court's injunction is not unreasonable.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3